```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
WILLIAM R. L'EUROPA; EXECTIVE       )
PUBLIC ADJUSTERS, LLC; DISASTER     )
RESTORATION GROUP, LLC; and ALL     )
STAR CONSTRUCTION, INC.,            )
                                    )
          Plaintiffs,               )   C.A. No. 17-430
                                    )
     v.                             )
                                    )
                                    )
RHODE ISLAND DIVISION OF STATE      )
FIRE MARSHAL; JAMES GUMBLY, in      )
his capacity as acting Director     )
of the RHODE ISLAND DIVISION OF     )
STATE FIRE MARSHAL; RHODE ISLAND    )
ATTORNEY GENERAL PETER F.           )
KILMARTIN, in his capacity as       )
RHODE ISLAND ATTORNEY GENERAL;      )
and SCOTTYE LINDSEY, in his         )
capacity as Director of THE RHODE   )
ISLAND DEPARTMENT OF BUSINESS       )
REGULATION,                         )
                                    )
          Defendants.               )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

This case is before the Court on a Motion to Dismiss (ECF No. 8) the Complaint (ECF No. 1). After an overview of the alleged facts, the Court considers and GRANTS the Motion.

I.  Background

William R. L'Europa holds a public-adjusters license, and is the principal owner of Executive Public Adjusters, LLC, ("Executive") a public-adjusting business. (Compl. ¶¶ 3-4).

Disaster Restoration Group Public, LLC, ("Disaster") and All Star Construction, Inc., ("All Star") are both involved in the construction business. Id. at ¶¶ 5-6. On September 13, 2017, Defendant Scottye Lindsey, in his official capacity as the director of the Department of Business Regulation ("DBR"), issued an Order for L'Europa "to Show Cause why orders should not issue to revoke L'Europa's license, to cease and desist unlawful activity and pay penalties based in part for a violation of R.I. Gen. Laws §23-28.2-11." Id. at ¶ 20.

On September 18, 2017, Plaintiffs asserted in their complaint that R.I. Gen. Laws §23-28.2-11 ("Statute") violates their First Amendment right to freedom of speech. Id. at ¶¶ 21-27. Thereafter, on December 13, 2017, the Department of Business Regulation amended the Order to Show Cause, removing the Statute as grounds for revocation of L'Europa's license. (Mem. Supp. Pls.' Obj. to Defs.' Mot. to Dismiss ("MSPO") 3, ECF No. 11).

## II. Discussion

The Statute states, in relevant part: "police, fire and building officials, shall prohibit any and all insurance adjusters, contractors, and restoration companies from engaging in any solicitation or inspection or any physical presence on the premises under investigation until twenty-four (24) hours after . . . the state fire marshal . . . releases control of the premises to its legal owner(s) . . . ." R.I. Gen. Laws § 23-28.2-11.

2

Plaintiffs claim the Statute is unconstitutional and request a declaratory judgment to that effect. They also request an injunction preventing Defendants from enforcing the Statute. (Compl. at ¶¶ 36-37). Defendants claim the Younger abstention doctrine applies to the complaint, which should therefore be dismissed. (Mot. to Dismiss 12). Defendants further contend Plaintiffs fail to state a claim and lack standing. (Defs.' Reply Mem. 3-7, ECF No. 13). The Court finds that even though Plaintiffs have standing, their complaint should be dismissed pursuant to Younger abstention.

A. Subject Matter Jurisdiction

The Constitution restricts federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. One element of this restriction requires a party invoking federal jurisdiction to establish it has standing to sue. Blum v. Holder, 744 F.3d 790, 795 (1st Cir. 2014). Defendants argue Plaintiffs lack standing because Defendant DBR removed the Statute from the Order to Show Cause. (See Defs.' Reply Mem. 3). This argument misses the mark, however, because standing is assessed at the time of filing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 569 n.4 (1992) (noting the "longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed."); Wheaton Coll. v. Sebelius, 703 F.3d 551, 552 (D.C. Cir. 2012) ("[S]tanding is assessed at the time of filing . . . ."). And when

3

Plaintiffs filed their complaint, the Statute was cited in the Order to Show Cause.

    B.    <u>Younger</u> Abstention

In <u>Younger v. Harris</u>, the Supreme Court held, absent extraordinary circumstances, that federal courts should not enjoin pending criminal proceedings in state courts. See 401 U.S. 37, 43-44 (1971). The <u>Younger</u> doctrine was later expanded to include three types of state proceedings: "(i) criminal prosecutions, (ii) civil proceedings that are akin to criminal prosecutions, and (iii) proceedings that implicate a State's interest in enforcing the orders and judgements of its courts." <u>Sirva Relocation, LLC v. Richie</u>, 794 F.3d 185, (1st Cir. 2015) (quoting <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 72-73 (2013)). The First Circuit has enunciated a three-step approach to determine when <u>Younger</u> abstention applies. See <u>Sirva</u> 794 F.3d at 192. First, the court must determine if "a particular state proceeding falls within the <u>Younger</u> taxonomy," that is, whether the case is one of the three types mentioned above. <u>Id.</u> at 193. If so, the court must determine "whether the <u>Middlesex</u> factors support abstention." <u>Id.</u>; see <u>Sprint</u>, 571 U.S. at 81(referring to <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)). Finally, if both steps support abstention, the court must determine if any doctrinal exceptions apply. See <u>Sirva</u>, 794 F.3d at 193.

Defendants contend the state license-revocation proceeding is civil, but akin to a criminal prosecution. (Mot. to Dismiss 5.) The Supreme Court has said civil proceedings akin to criminal prosecutions are ones "characteristically initiated to sanction the federal plaintiff . . . for some wrongful act." Sprint, 571 U.S. at 79. "In cases of this genre, a state actor is routinely party to the state proceeding and often initiates the action[, and] [i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." Id. at 79—80.

The Defendants are right, then, that the license-revocation proceeding is a species found in the Younger taxonomy: the state instituted the proceeding to sanction L'Europa by revoking his public-adjusters license. (Compl. ¶ 20). DBR, who initiated the proceedings, is a state actor. (Mot. to Dismiss 5). And DBR filed the Order to Show Cause as a result of an investigation of L'Europa. Id.

Because this case falls within the Younger taxonomy, the next question is whether the Middlesex factors support abstention. See Sirva, 794 F.3d at 193. The first factor inquires whether there is an ongoing state proceeding, which there was at the time Plaintiffs filed their complaint. See Middlesex, 457 U.S. at 432; Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (The Middlesex factors "all must be assessed as of

the date when the federal complaint is filed."); Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 777 (1st Cir. 1990).

The second factor asks whether "the proceedings implicate important state interests." Middlesex, 457 U.S. at 432. The Statute Defendants seek to enforce bars the solicitation or presence of both insurance adjusters and contractors for twenty-four hours after the premise on which there was a fire or attempted fire is released back to its owner. R.I. Gen. Laws §23-28.2-11(c). The license-revocation proceeding and the Statute therefore implicate important state interests both in the regulation of licensed practitioners and the protection of victims' privacy. See Fla. Bar v. Went For It, Inc., 515 U.S. 618, 625 (1995) ("[T]he State's interest in protecting the well-being, tranquility, and privacy of the home is certainly of the highest order in a free and civilized society." (quoting Carey v. Brown, 447 U.S. 455, 471 (1980))).

The final Middlesex factor ensures there is an "adequate opportunity in the state proceedings to raise constitutional challenges." Middlesex, 457 U.S. at 432. Plaintiffs contend the constitutionality of the Statute cannot be argued at the license-revocation proceeding because DBR removed the Statute when they amended the Order to Show Cause. (MSPO 6.) But this contention overlooks that the Court must apply the Middlesex factors to the state of affairs extant at the time Plaintiffs filed their complaint. See Coggeshall, 604 F.3d at 664. And at that time, the

Statute was listed in the Show Cause Order. Plaintiffs, moreover, have "provided no evidence that overcomes the strong presumption that [their] federal claims can be addressed in the state proceeding." Amadi v. Dep't of Children & Families, 245 F. Supp. 3d 316, 321 (D. Mass. 2017).

Plaintiffs have also provided no evidence that any of the "isthmian" exceptions to Younger apply. See Sirva, 794 F.3d at 192-93 ("Abstention is inappropriate . . . when a state proceeding is brought in bad faith[;] . . . if the state forum provides inadequate protection of federal rights[;] . . . [or] when a state statute is flagrantly and patently violative of express constitutional prohibitions.") (quotation marks omitted)).

III. Conclusion

This case checks all the boxes under Younger, and implicates none of the exceptions. Thus, the Court is compelled to abstain and GRANT Defendants Motion to Dismiss (ECF No. 8). See Taal v. St. Mary's Bank, No. 16-cv-231-LM, 2017 WL 627391, at *5 (D.N.H. Feb. 14, 2017) ("Because the circumstances of this case fit within the Sirva paradigm when the case was filed, the court must abstain. Abstention, in turn, compels the court to grant the motion to dismiss filed by the . . . defendants.").

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: June 19, 2018